IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| | § |
| v. | § Criminal Action No. 4:13-CR-00247-ALM-AGD-1 |
| | § |
| RODERICK ALLEN PARKER | § |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Now before the court is the request for revocation of Defendant Roderick Allen Parker's ("Defendant") supervised release. After the District Judge referred the matter to this court for a report and recommendation, the court conducted a hearing on January 13, 2025, to determine whether Defendant violated his supervised release. Defendant was represented by Doug Schopmeyer of the Federal Public Defender's Office. The Government was represented by Christopher Rapp.

Defendant was sentenced on February 19, 2015, before The Honorable Marica A. Crone of the Eastern District of Texas after pleading guilty to the offense of Conspiracy to Possess with the Intent to Manufacture and, a Class B felony. This offense carried a statutory maximum imprisonment term of 40 years. The guideline imprisonment range, based on a total offense level of 23 and a criminal history category of VI, was 92 to 115 months. He was subsequently sentenced to 115 months imprisonment, followed by a 5-year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, substance abuse testing and treatment, and mental health treatment, and a $100 special assessment. On July 22, 2022, he completed his period of imprisonment and began service of the supervision term.

On March 15, 2021, this case was reassigned to the Honorable Amos L. Mazzant, III

United States District Judge for the Eastern District of Texas.

On July 18, 2023, Defendant's term of supervised release was revoked, and he was sentenced to 8 months imprisonment, followed by a 52-month term of supervised release for submitting positive urinalyses and failing to report as instructed. Said term of supervised release is subject to the standard conditions plus special conditions to include financial disclosure, substance abuse testing and treatment, mental health treatment, and domestic violence treatment. On November 13, 2023, he completed his term of imprisonment and commenced his second term of supervised release.

On February 7, 2024, the conditions of supervision were modified to include no contact with Brandy Baker or her children and participation in a cognitive-behavioral treatment program. On March 4, 2024, the conditions of supervision were modified to include participation in a home detention program with electronic monitoring for 180 days.

On December 19, 2024, the United States Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision (Dkt. #128, Sealed). In its Petition to revoke, the Government alleges Defendant violated the following conditions:

1) <u>Mandatory Condition</u> You must not commit another federal, state or local crime. Based on a May 1, 2024 Indictment in the Grayson County 59th District Court, under Case No. 077387, the Government alleges that on or about January 29, 2024, Defendant committed the following offenses in Grayson County, Texas: Aggravated Assault w/Deadly Weapon; Assault Family/Household Member Previous Conviction; Assault Family/Household Member Impede Breath/Circulation; and Assault Int/Reck Breath/Circ Family Member Previous IAT. These charges remain pending, and the next court date is scheduled for March 27, 2025.

2) <u>Standard Condition</u> You must follow the instructions of the probation officer related to the conditions of supervision. Specifically, the Government alleges that on January 19, 2024,

during an office visit, Defendant was instructed not to have any contact with his estranged girlfriend Brandy Baker. On January 30, 2024, the Sherman, Texas Police Department responded to Brandy Baker's house regarding an incident of Aggravated Assault with a Deadly Weapon and Injury Against a Child with Intent to Cause Bodily Injury against Brandy Baker and her children. Defendant was named as the suspect in both cases. He was not arrested on these offenses as he was not present when police responded to the scene. A warrant was not issued either. This offense conduct is in relation to the Indictment filed in Grayson County on May 1, 2024. Upon following up with Defendant regarding the above, the probation officer spoke with him on the phone on January 30, 2024. Although he denied assaulting her or the children, he verbally admitted to being at her home but provided a different version of events.

    3) <u>Standard Condition</u> You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer. Specifically, the Government alleges that on or about February 17, 2024, Defendant traveled outside of the Eastern District of Texas without permission form the probation officer. The probation office received notification from an anonymous source that Defendant was at a night club/bar in Oklahoma and had been engaged in a fight with another male patron. During an office visit conducted on February 22, 2024, Defendant verbally admitted to the probation officer that he traveled to Oklahoma without permission. Additionally, he signed a written admission form attesting to the aforementioned information.

    4) <u>Special Condition</u> You must not have any contact with Brandy Baker or her children, including but not limited to phone calls, test messages, social media, in person contact, third-party contact, or contact with her property. Specifically, the Government alleges that on or about February 17, 2024, Defendant traveled to Oklahoma, to Brandy Baker's place of employment without prior approval from the probation officer. Defendant provided a verbal and written

admission during an office visit conducted on February 22, 2024. Specifically, he wrote "I traveled to Oklahoma on February 17, 2024, w/ relative to a party and was around an ex-girlfriend who I'm not supposed to be around."

5) <u>Standard Condition</u> You must follow the instructions of the probation officer related to the conditions of supervision. Specifically, the Government alleges that Defendant failed to follow the instructions of the probation officer by traveling out of the district and having contact with Brandy Baker on or about February 17, 2024, as evidenced by his verbal and written admission.

6) <u>Special Condition</u> You are to be placed on home detention for a period of 180 days, to commence immediately. During this time, you must remain at your place of residence except for employment and other activities approved in advance by the United States Probation Officer. Specifically, the Government alleges as follows:

- On March 24, 2024, Defendant was approved to leave his residence for employment purposes. He left his residence; however, he did not report to work. Records from BI Incorporated, the monitoring center, reflect he left his residence at 7:45pm on March 24, 2024, and returned at 7:02am on March 25, 2024. His whereabouts during this timeframe are unknown.

- On March 29, 2024, Defendant was scheduled to be on lockdown and not leave his residence. He left his residence without permission and informed BI and the on-call duty officer that he was previously approved to work overtime. BI records reflect he left his residence at 8:38pm on March 29, 2024, and returned at 7:45am on March 30, 2024. His whereabouts during this timeframe are unknown.

- On March 7, 2024, during an office visit, Defendant signed the Location Monitoring Program-Participant Agreement indicating he is not allowed to substitute or attend any other activity during the leave period without approval from either his officer or the duty officer.

7) <u>Standard Condition</u> You must answer truthfully the questions asked by your probation officer. Specifically, the Government alleges as follows:

- On March 29, 2024, an unauthorized leave alert was received indicating Defendant left his home. Upon contacting Defendant, he informed both BI and the on-call duty probation officer that he was approved, by his supervising officer, to work overtime on this date. Defendant was untruthful with the duty probation officer, as he did not

4

- On March 30, 2024, the supervising probation officer followed up with the unauthorized leave on March 29, 2024. Defendant sent a text message to the supervising probation officer stating overtime is scheduled for the last Friday of the month and that is why he left his home. However, an in-person meeting with First Step Staffing, his employer, revealed the overtime dates are pre-scheduled and are at different times during the month. Additionally, the probation officer was informed March 29, 2024, was not an overtime date. As such, he was not truthful with the probation officers.

8) <u>Special Condition</u> You must participate in a cognitive-behavioral treatment program and follow rules and regulations of that program. The probation officer will supervise your participation your participation in the program (provider, location, modality, duration, intensity, etc.). Such programs may include self-directed learning courses, group sessions led by a counselor or participation in a program administered by the probation office. You must pay the costs of the program. Specifically, the Government alleges that on February 2, 2024, Defendant agreed to have his conditions amended to include participation in a cognitive behavioral program. Specifically, he agreed to complete the ACCI Domestic Violence course to satisfy the original special condition for him to attend a domestic violence program. To date, he has not started the program and therefore, has failed to participate as instructed.

9) <u>Special Condition</u> You must participate in a program of testing and treatment for substance abuse and follow the rules and regulations of that program until discharged. Specifically, the Government alleges that on December 7, 2023, Defendant failed to report to the U.S. Probation Office in Sherman, Texas to submit a urine specimen.

10) <u>Standard Condition</u> After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed. Specifically, the Government alleges that Defendant failed to report as instructed for the following months: December 2023, January 2024, and February 2024. He was instructed to report by the fifth of every

month. The above reports were submitted electronically after the fifth of the month.

Prior to the Government putting on its case at the final revocation hearing, Defendant entered a plea of true to allegations 2 through 10 in the Petition, the Government moved to dismiss allegation 1 of the Petition, and the Defendant signed a waiver agreeing to a specific sentence. Having considered the Petition and the plea of true to allegations 2 through 10, the court finds that Defendant did violate his conditions of supervised release and recommends accepting the agreed sentence.

Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this court.

### RECOMMENDATION

Pursuant to the Sentencing Reform Act of 1984, the court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for a term of fourteen (14) months, to be served consecutively to Grayson County, Texas Docket No. 077387, with no additional term of supervised release to follow.

The undersigned also recommends the Government's motion to dismiss allegation one be granted.

The undersigned finally recommends that Defendant be housed at the Seagoville Unit.

SIGNED this the 13th day of January, 2025.

_____
J. Boone Baxter
UNITED STATES MAGISTRATE JUDGE